O
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM ROTTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALEXANDRA BAUER,<br><br>　　　　　Defendant. | Case No. 2:21-cv-6731-CAS (SK)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE COURT** |

## I.

Plaintiff Sam Rotter originally sued in Ventura County Superior Court alleging that Los Angeles County's Department of Child Support Services unlawfully issued a child support order against him nearly two decades ago. Defendant removed that action based on purported federal question jurisdiction under 28 U.S.C. § 1331. (ECF 1). Plaintiff then filed a first amended complaint and right afterward moved to remand the action to state court. (ECF 9, 15). Defendant opposes remand and simultaneously seeks to dismiss the first amended complaint. (ECF 17, 19). Because federal question jurisdiction was lacking when Defendant removed this action, Plaintiff's motion to remand is granted.

1

## II.

A defendant may remove a civil action from state court to federal court so long as the federal court has original jurisdiction over the case. *See* 28 U.S.C. § 1441(a). Original jurisdiction exists when the complaint raises a federal question, *see* 28 U.S.C. § 1331, or when there is complete diversity of citizenship between the parties and more than $75,000 in controversy. *See* 28 U.S.C. § 1332. A defendant invoking the removal statute has the burden of establishing jurisdiction. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). A case should be remanded to state court if at any time before final judgment the federal court lacks jurisdiction. *See* 28 U.S.C. 1447(c).

The Court must evaluate whether it has jurisdiction based on the pleadings that existed at the time of removal. *See Sparta Surgical Corp. v. Nat'l Ass'n of Secs. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998), *abrogated on other grounds* by *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374 (2016). Post-removal amendments to the pleadings do not affect whether a case was properly removed to begin with. *See Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006). Thus, Defendant's notice of removal determines whether the Court has original subject matter jurisdiction.[1] *See Tanious v. Gattoni*, 2021 WL 1325798, at *1 (N.D. Cal. Apr. 8, 2021). That notice relied on federal

---

[1] For this reason, Defendant's focus on the claims in the first amended complaint to oppose remand (ECF 17 at 3-4) is misdirected. But even if that were the right approach, it is self-defeating because Defendant admits that the first amended complaint states no federal claims. (ECF 19 at 9 ("There does not appear to be a federally entitled claim" among the "five causes of action" in the "First Amended Complaint"); *id.* at 12 ("Although the fourth cause of action does mention some federal law, . . . the claim is clearly derived in state law as the entire action is premised on state law.")). And if that is right—as it almost certainly is—the Court would have only another reason to remand. *See Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) ("[A] district court has discretion to remand a properly removed case to state court when none of the federal claims are remaining."); *see also* 28 U.S.C. § 1367(c)(3).

question jurisdiction under § 1331 only, as no one maintains that diversity jurisdiction exists here. (ECF 1 at 3; ECF 17 at 4). Still, none of the so-called federal claims from Plaintiff's original complaint that Defendant cited for removal raise a federal question.

First, Defendant cannot rely on the Uniform Interstate Family Support Act ("UIFSA") for removal. The UIFSA is a model statute, adopted by all 50 states, that governs procedures for "establishing, enforcing, and modifying child support orders in cases in which more than one state is involved." *De Leon v. Jenkins*, 143 Cal. App. 4th 118, 124 (2006). It is, in short, not a federal law that can confer original jurisdiction. *See, e.g., Piette v. Koehn*, 2012 WL 5199164, at *2 (E.D. Cal. Oct. 19, 2012) (California statute adopting UIFSA is not federal law); *Csikota v. Tolkachev*, 2010 WL 370284, at *2 (E.D.N.Y. Jan. 29, 2010) (UIFSA is "a model statute, not federal law").

Second, alleged violations of 42 U.S.C. § 654 and § 666 do not create federal question jurisdiction either. Those statutes require that states pass laws and regulations to improve the effectiveness of child support enforcement. *See Consumer Advocs. Rts. Enf't Soc'y, Inc. v. State of Cal.*, 2005 WL 3454140, at *3 (N.D. Cal. Dec. 16, 2005). But they create no enforceable private right of action. *See Blessing v. Freestone*, 520 U.S. 329, 343 (1997); *Sziladi v. Riverside Cty. Dep't of Child Support Servs.*, 2018 WL 4677514, at *6 (C.D. Cal. Aug. 29, 2018). And "federal jurisdiction does not lie under 28 U.S.C. § 1331 where there is no right of action conferred by federal statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 841 (9th Cir. 2004).

Finally, the gossamer references in the original complaint to the Fifth Amendment and to 42 U.S.C. § 1983 (which Plaintiff effectively removed from his amended complaint) cannot confer original jurisdiction here. "[F]ederal question jurisdiction extends only in those cases in which a well-

pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law." *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (cleaned up).  Fleeting references or citations to federal law are not enough.  *See id.*  Defendant concedes as much.  (ECF 19 at 9, 12).  Nor is it sufficient for removal to rely on a professed federal claim that is "too insubstantial" and "so patently without merit that [it] requires no meaningful consideration." *Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 975 (9th Cir. 2019).  Those descriptions apply here.  The Fifth Amendment does not apply against state actors like Defendant.  *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002).  And § 1983 confers no subject matter jurisdiction unless there is predicate claim alleging a deprivation of federal rights.  But, as noted above, there is no underlying actionable federal claim in the complaint.

### III.

For all these reasons, Plaintiff's motion to remand this action to state court (ECF 15) is GRANTED.  The Clerk shall transmit this order to the Ventura County Superior Court in Case No. 56-2021-553372.  Defendant's motion to dismiss (ECF 19) is denied as moot.

IT IS SO ORDERED.

DATED:  October 22, 2021

CHRISTINA A. SNYDER
U.S. DISTRICT JUDGE

PRESENTED BY:

STEVE KIM
U.S. MAGISTRATE JUDGE